CONCURRENCE
BOYCE F. MARTIN, JR.,
Circuit Judge, concurring.
As the lead opinion notes, it is never easy to enforce a statute of limitations. It is an especially bitter pill to swallow in this case because the Caterpillar Logistics Services retirees clearly have the better part on the breach of contract claim. The 1988 Collective Bargaining Agreement unequivocally obligates Caterpillar to provide no-cost, unalterable healthcare to the retirees for life, and that benefit vested under the 1988 Agreement when these plaintiffs retired. Caterpillar’s various assertions to the contrary are simply untenable. Thus, these retirees would have prevailed on their claim had it been timely filed.
But, the lead opinion’s point about taking the bitter with the sweet is a fair one. Had the retirees sued earlier, Caterpillar might well have said, “Fine, you want the 1988 Agreement, you got it. Here’s your no-cost healthcare, but we’ll take back those increased pension payments and retirement allowances we gave you under the 1998 Agreement.” I assume that, if given the choice, the retirees would have chosen to keep their no-cost healthcare and to forgo the increased pension benefits, but I may be wrong. Either way, I just hope that the decision to bring suit in 2006 rather than in 1999 or 2000 was an informed, strategic gamble to have the short and then sue later for the long sweetening, or even merely the result of oversight or inattention to the big picture. It would be heartbreaking to find out that hardworking folks lost an important benefit due to misguided legal advice.